IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTINA BOGART                                                                                    PLAINTIFF

V.                                                NO. 12-5207

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Christina Bogart, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her application for SSI on August 1, 2006, alleging an inability to work, due to her "Slipped disk in lower back, pinched nerves, asthma, and vertigo." (Tr. 226-229, 252, 270).  An administrative hearing was held on March 24, 2009, and on April 22, 2009, the ALJ issued an unfavorable decision. (Tr. 46-78, 80-87).

On April 17, 2010, the Appeals Council remanded the matter to the ALJ, with instructions to the ALJ to more fully consider Plaintiff's maximum RFC and to further evaluate

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff's ability to do her past relevant work. (Tr. 88-90).

On April 20, 2011, another administrative hearing was held. (Tr. 25-45). By written decision dated July 22, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - degenerative disk disease of the lumbar spine and asthma. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and/or carry 20 pounds occasionally or 10 pounds frequently. In an 8-hour workday, she can stand/walk for 6 hours or sit for 6 hours, all with normal breaks. The claimant must avoid extreme heat.

(Tr. 16). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as production worker and meat cutter. (Tr. 18-19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on July 20, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 17).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following issues on appeal: 1). The ALJ's decision was not supported by substantial evidence as Plaintiff meets Listing 1.02(a)(b)(d) and 1.04; 2) The ALJ failed to evaluate the severity of Plaintiff's mental impairment; and 3) The ALJ erred by concluding Plaintiff retained the RFC to perform light work. (Doc. 15).

**A.     Listing of Impairments:**

Plaintiff contends that her impairments equal Listing 1.02(a)(b)(d) and 1.04. Listing 1.02A requires a demonstration of a gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability). Plaintiff has provided no evidence indicating he has a "gross anatomical deformity." See Phillips v. Astrue, No. 4:11-CV-04036, 2012 WL 2568442 at *3 (W.D. Ark., May 8, 2012). Regarding Listing 1.04, in his decision, the ALJ correctly noted that Listing 1.04 deals with disorders of the spine (e.g. herniated nucleus pulposus, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in compromise of a nerve root (including the cauda equina) or the spinal cord with evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis. (Tr. 16).   In the record,

there is a report dated October 8, 2002, reflecting the MRI taken of Plaintiff's lumbar spine. (Tr. 365). The impression was posterior disc protrusion at the L5-S1 level. (Tr. 365). In addition, it was reported that "[e]ither S1 nerve root may be contacted or compressed by disc material at this level. No other abnormality of the lumbar spine identified."

The ALJ found that Plaintiff did not have nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in an inability to ambulate effectively. (Tr. 160). "The fact that the ALJ did not elaborate on his conclusion that Plaintiff's back disorder did not meet 1.04 does not warrant reversal, because the record supports the overall conclusion. See Ragsdale v. Astrue, No. 11-3464-CV-S- 6ODS-SSA, 2012 WL 5289635 at *7 (W.D. Mo. , October 23, 2012). In addition, the medical report indicates that the nerve root "may be" contacted or compressed, which does not establish a compromise of a nerve root. "[A] 'conceivable' possibility of intermittent nerve impingement does not establish a compromise of a nerve root." Id. (quoting Decker v. Astrue, No. 11-3115-CV-S-DGK-SSA, 2001 WL 6000257, at *2 (W.D.Mo., Nov. 30, 2011)). As in Ragsdale, the record lacks any other support showing that Plaintiff's impairments establish a compromise of a nerve root or the spinal cord, and accordingly, based upon the foregoing, and for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's finding that Plaintiff's back impairment does not meet or medically equal Listings 1.02A or 1.04A.

 **B. Mental Impairment:**

Plaintiff contends the ALJ failed to evaluate the severity of Plaintiff's mental impairment. However, as noted by Defendant, Plaintiff did not allege any mental impairments as a basis of disability in her application materials, which is significant. Dunahoo v. Apfel, 241 F.3d 1033,

AO72A
(Rev. 8/82)

1039 (8th Cir. 2001). In addition, at the hearing held on March 24, 2009, Plaintiff testified that she had depression at one time, but "I am over that." (Tr. 76). At the hearing held on April 20, 2011, Plaintiff testified that if she took her Depakote and Prozac, she was fine - "I am okay with the medication." (Tr. 38). "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." Brown v. Barnhart, 390 F.3d 535, 540 (8th Cir. 2004)(quoting Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

Based upon the foregoing, as well as for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's determination of severe impairments.

### C. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ concluded that Plaintiff had the RFC to perform light work, but must avoid extreme heat. (Tr. 16). The ALJ considered the medical records, observations of treating physicians and Plaintiff's own description of her limitations. He discussed her daily activities, and the fact that Plaintiff's back treatment has significant gaps in years. (Tr. 17). He also discussed the fact that Plaintiff was often only taking over-the-counter medication, or no medication. (Tr. 17). The ALJ also questioned whether Plaintiff's continuing unemployment from 2006 to 2008 was actually due to medical impairments. (Tr. 18).

The Court has reviewed the reports of Dr. Joel Fankhauser, dated January 14, 2011 and March 2, 2011. On January 14, 2011, Dr. Fankhauser reported that Plaintiff was there to establish care, and had bipolar disorder, but did not have a psychiatrist. (Tr. 469). He noted that Plaintiff had chronic back pain from a herniated disc and a history of abuse with a different partner than her current spouse. She told Dr. Fankhauser that she last received pain medications over a month prior. (Tr. 469). The doctor reported that Plaintiff's back was symmetrical, "no curvature, ROM normal. No CVA tenderness, R SI joint TTP." (Tr. 469). He also reported that she had "questionable bipolar d/o," noting that Plaintiff was not a great historian so it was hard to know whether she had truly manic episodes. (Tr. 469). On March 2, 2011, Plaintiff returned to Dr. Fankhauser for medication refills, and he reported that she was doing much better on her Depakote and Prozac. (Tr. 468).

The Court believes there is sufficient evidence to support the ALJ's RFC findings, and that Plaintiff would be capable of doing light work, with no exposure to heat.

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence

supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

    It is SO ORDERED this 6th day of November, 2013.

                            */s/ Erin L. Setser*
                          HONORABLE ERIN L. SETSER
                          UNITED STATES MAGISTRATE JUDGE